United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

ADRIANA BETANCOURT, et al.,
Plaintiffs,

v.

BLACK BEAR FARMS LLC, et al.,
Defendants.

Case No. 26-cv-00918-RMI

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH**

Re: Dkt. No. 12

Now pending before the court is a Motion to Quash Service of Summons and Motion to Dismiss filed by Defendants. Defendants are Black Bear Farms LLC and Humboldt Partner Group, Inc. (collectively "Entity Defendants"); and Anastasia Mercer, Scott Harris, and Salvatore Milazzo (collectively "Individual Defendants"). The motion seeks dismissal on the grounds that Plaintiffs failed to effect valid service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. Def.'s Mot., Dkt. 12. In the alternative, Defendants request additional time to respond to the Complaint. Plaintiffs have opposed, dkt. 18, and Defendants filed a reply, dkt. 19. Pursuant to Civil Local Rule 7-1(b), the court finds this matter appropriate for resolution without oral argument. For the reasons stated below, Defendants' Motion is GRANTED in part and DENIED in part.

## I. BACKGROUND

Plaintiffs worked as cannabis farm workers and trimmers for Defendants in Humboldt County, California. Compl. ¶ 3, Dkt. 1. The Individual Defendants operate a cannabis growing operation in Humboldt County, California, in the regulated cannabis market. Compl. ¶ 4. The Individual Defendants conduct their business through the Entity Defendants as well as Emerald

United States District Court
Northern District of California

City Genetics. *Id.*

On January 29, 2026, Plaintiffs commenced this action against Defendants. On June 24, 2026, the Certificate of Service was filed as to all Defendants, detailing the process server's efforts to serve each Defendant at 5655 West End Road, Suite A, Arcata, CA 95521. Certificate of Service, Dkt. 11.

On February 12, 2026, before service was first attempted, Defendant Salvatore Milazzo reached out to Plaintiffs' counsel to discuss this case, stating that he was aware of the Complaint because he had found it on the internet. Pls.' Opp'n 2. On multiple occasions from February through May 2026, the sheriff unsuccessfully attempted to serve Defendants, reporting that they had been unable to make contact or access the premises. *See* Certificate of Service. Plaintiffs then engaged process server Cynthia Mitchell, who attempted service four times, and left the complaint and summons at the Arcata address on two occasions.[1] *See id.*; Pls.' Opp'n 2–3.

On May 8, 2026, Mitchell went to the property at approximately 1:22 p.m. to serve both Individual and Entity Defendants. Certificate of Service 3. At that time, Mitchell was able to open the gate with the code and walk onto the property where there were two buildings, one of which was numbered 5655. *Id.* Mitchell knocked at Suite A and received no answer. *Id.* As she was knocking, a vehicle pulled up, and a male with long brown hair got out of the vehicle and stated that "Anastasia" was not in today and might return the next week. *Id.* Mitchell left the summons and complaint at Suite A after the man refused to take the documents. *Id.*

On May 15, 2026, Mitchell visited the property at 7:00 p.m. but reported that she received no answer and saw no vehicles. *Id.* On May 21, 2026, at approximately 11:03 a.m., Mitchell returned to the property and again reported that she received no answer from the inhabitants. *Id.* On May 26, 2026, at 1:24 p.m., Mitchell visited the property and saw a male come out of Suite A and go into Suite B as she was driving through the main gate. *Id.* She was approximately 50 feet away from the buildings when she saw a female come out of Suite A and stand in front of Suite B, as though waiting for it to be opened or unlocked. *Id.* The first male opened the door as Mitchell

[1] While there is reportedly video evidence of the service of process, on at least one occasion, Defendants chose not to submit the video to the court.

pulled up to the buildings and "rushed" the woman inside Suite B. *Id.* A second male (the same person from the May 8, 2026, service attempt) came out of Suite A and immediately turned to go into Suite B. *Id.* Mitchell told the male that she was there to deliver legal papers. *Id.* He ignored her and went into Suite B. *Id.* As the door was closing, Mitchell "loudly stated" that she was going to leave the papers at Suite A. *Id.* All three subjects were over 18, and all ignored her. *Id.* She reports that she got within 20 feet of the individuals. *Id.*

The parties dispute whether service upon Defendants was proper under the Federal Rules. Defendants move to quash service of summons and dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(5) on the grounds that Plaintiffs failed to effect valid service of process. Defendants point to "multiple deficiencies" that render the purported service defective. Defs.' Mot. 2. Defendants allege, for example, that the process server left documents with an unidentified individual who refused to provide his name, refused to accept the papers, and fled when informed of the nature of the documents, and that this conduct falls short of the requirement that service be "reasonably calculated, under all the circumstances" to apprise Defendants of the pending action. *Id.* Defendants request that this court quash service and dismiss this action without prejudice, or in the alternative, grant Defendants additional time to respond to the Complaint. *Id.*

Plaintiffs maintain that service was perfected by substituted services on all Defendants, and that as such, no further service attempts should be required. Pls.' Opp'n 10. In their Reply, Defendants concede that the process server "left documents on the ground outside a locked office" and that Defendants "refused to provide names . . . actively avoided contact . . . [and] refused to accept papers." Defs.' Reply 2.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(5), defendants can make a challenge based on "insufficient service of process." Federal Rule of Civil Procedure 4 determines whether service of process was proper. "So long as a party receives sufficient notice of the complaint, Rule 4 is to be liberally construed to uphold service." *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (quotations omitted). "However, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial

compliance with Rule 4." *Id.* (quotations omitted). For individuals and domestic corporations, Rule 4 permits service pursuant to the Federal Rules of Civil Procedure and state law. *See* Fed. R. Civ. P. 4(e), (h).

"Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Plaintiffs can make this prima facie showing "by producing the process server's return of service." *Emine Tech. Co. v. Aten Int'l Co.*, No. C 08-3122 PJH, 2008 WL 5000526, at *2 (N.D. Cal. Nov. 21, 2008). Then, defendants must "produce affidavits, discovery materials, or other admissible evidence establishing the lack of proper service." *Id.* When service is insufficient, courts have the discretion to either dismiss the complaint without prejudice or quash service of process. *See S.J. v. Issaquah School Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

## III. DISCUSSION

### A. Entity Defendants

Domestic corporations may be served as provided under California Code of Civil Procedure section 416.10. To complete service on a corporation, California law provides that:

> In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in section 416.20 . . . a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Civ. Proc. Code § 415.20(a); *see Khourie, Crew & Jaeger v. Sabek, Inc.*, 269 Cal. Rptr. 687, 689 (Cal. Ct. App. 1990).

Here, the Entity Defendants are domestic corporations. Plaintiffs' process server, Cynthia Mitchell, attempted to leave a copy of the summons and complaint during usual office hours with the "person apparently in charge" of the Entity Defendants—including the male with long brown hair who knew Defendant Mercer's whereabouts during Mitchell's service attempt on May 8, 2026. Certificate of Service 3. Thereafter, Mitchell sent a copy of the complaint and summons to Entity Defendants in compliance with section 416.20. "Under these circumstances, service was completed . . . ten days after" the mailing. *Khourie, Crew & Jaeger*, 269 Cal. Rptr. at 689

(deeming service proper where "the process server provided actual notice of the documents to the person apparently in charge of [the defendant's] office and, prevented by that person from leaving them inside the office, left them on the other side of the office door," followed by proper mailing). Defendants' argument that the service of process failed because Mitchell did not identify a person connected to Entity Defendants who was present for service is unpersuasive. "The evident purpose of section 415.20 is to permit service to be completed upon a good-faith attempt at physical service on a responsible person, plus actual notification of the action by mailing the summons and complaint to the appropriate party." *Id.*

Moreover, it is well established that a defendant cannot defeat service by rendering physical service impossible. California courts have found effective service when a process server tossed a summons and complaint a few feet away from a defendant who refused to accept the papers, *In re Ball*, 38 P.2d 411, 411–12 (Cal. 1934); when a process server left the papers with a receptionist when he was blocked from leaving them in the actual office, *Ludka v. Memory Magnetics Int'l*, 101 Cal. Rptr. 615, 618 (Cal. Ct. App. 1972); and when a process server, after being denied entry to the property, gave the papers to a gate guard, who threw the papers on the ground, *Bein v. Brechtel-Jochim Grp., Inc.*, 8 Cal. Rptr. 2d 351, 352, 354 (Cal. Ct. App. 1992).

Here, the process server provided actual notice of the documents to a person apparently in charge of Mercer's companies, and she "loudly" stated that she was leaving the papers at Suite A during the second time that she attempted to effect service. *See In re Ball*, 38 P.2d at 412 ("We take it that when men are within easy speaking distance of each other and facts occur that would convince a reasonable man that personal service of a legal document is being attempted, service cannot be avoided by denying service and moving away without consenting to take the document in hand."). Along with mailing the summons and complaint, this constituted effective service on the Entity Defendants. *See Khourie, Crew & Jaeger*, 269 Cal. Rptr. at 689 ("No more was required to effect service other than to mail to [the defendant] a copy of the summons and complaint.").

**B. Individual Defendants**

As to the Individual Defendants, under Rule 4, service on an individual within a judicial

district of the United States may be made by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A). Service may also be made by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." *Id.* 4(e)(2)(C). The Federal Rules also permit service to be made pursuant to state law. *Id.* 4(e)(1). With respect to individuals, California law provides that:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served . . . a summons may be served by leaving a copy of the summons and complaint at the person's . . . usual place of business, or usual mailing address[,] . . . in the presence of a . . . person apparently in charge of his or her office, place of business, or usual mailing address[,] . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Civ. Proc. Code § 415.20(b). Substitute service under section 415.20(b) is permitted only after reasonably diligent efforts at personal service have been made. *Burchett v. City of Newport Beach,* 40 Cal. Rptr. 2d 1, 3–4 (Cal. Ct. App. 1995). "Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." *Espindola v. Nunez,* 245 Cal. Rptr. 596, 598 (Cal. Ct. App. 1998) (citation modified).

Additionally, service papers may be left outside of a locked door when the occupant refuses to accept the papers or to open the door. *See Khourie, Crew & Jaeger*, 269 Cal. Rptr. at 687. As the Ninth Circuit has held:

> Sufficient service may be found where there is a good faith effort to comply with the requirements of Rule 4(e)(2) which has resulted in placement of the summons and complaint within the defendant's immediate proximity and further compliance with Rule 4(e)(2) is only prevented by the defendant's knowing and intentional actions to evade service.

*Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1136 (9th Cir. 2009).

Here, Plaintiffs attempted service on the Individual Defendants multiple times at their listed business address through both the sheriff's office and a process server, but they did not attempt to personally serve Defendants at their residential addresses. California law does not

create a hierarchy prioritizing residential over business addresses for the purposes of effectuating service. *See G & G Closed Cir. Events, LLC v. Saddeldin*, No. 1:10-CV-00062-AWI, 2014 WL 631613, at *6 (E.D. Cal. Feb. 18, 2014) ("California law does not require service be attempted at a residential address prior to undertaking substitute service."). Defendants do not argue that their residential addresses are public information or known to Plaintiffs. Plaintiffs properly attempted personal service at the business address for all three Defendants through reasonably diligent efforts, and then properly effectuated substitute service by leaving the documents at that address and mailing them to Defendants.

Defendants argue that Scott Harris was not properly served because the Arcata address on the Proof of Service listed Suite A, and his business operates out of Suite B. However, Plaintiffs submitted Defendant Harris's California Secretary of State Statement of Information form for his business Errl Hill, LLC, which does not list any particular suite as part of the business address. Jato Decl. Ex. B, Dkt. 18-1. Moreover, Plaintiffs demonstrated that the two suites are next to each other on the same property, *see* Jato Decl. Ex. A, Dkt. 18-1, and the process server indicated that she "loudly stated" the nature of the papers to the people who had left Suite A and gone into Suite B before her arrival. As such, service at the Suite A address was reasonably diligent and proper for substituted service for Defendant Harris.

As for Defendant Milazzo, Defendants argue that he resides out of state in Illinois and does not often travel to the business address at which service was attempted. However, California law allows service on out-of-state individuals by mail alone, Cal. Code. Civ. P. § 415.40, and Defendant Milazzo does not dispute that he is president of the business at the business address where service was effectuated, Milazzo Decl. ¶ 2. Accordingly, Plaintiffs properly served Defendant Milazzo through mailing the complaint and summons to his place of business.

Substitute service was effectuated on each of the Individual Defendants, and Plaintiffs undertook "reasonably diligent efforts" at personal service on each individual defendant. The Certificate of Service reports that Mitchell mailed the documents to each Defendant on May 27, 2026. Thus, service of process on Individual Defendants was proper by way of substitute service. Accordingly, Plaintiffs' attempt to serve Entity Defendants and Individual Defendants

United States District Court
Northern District of California

substantially complied with the California Code of Civil Procedure and Rule 4(e)(2)(B) of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

Defendants' Motion to quash service and dismiss this action without prejudice is **DENIED**, and Defendants' request for additional time to respond to the complaint is **GRANTED**. Defendants will be granted fourteen (14) days from the entry of this Order to respond to the Complaint.

**IT IS SO ORDERED.**

Dated: October 5, 2026

ROBERT M. ILLMAN
United States Magistrate Judge